UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| TERRANCE W. ANDERSON | CIVIL ACTION NO. 15-02588 |
| VS. | SECTION P |
| ST. MARTIN PARISH, ET AL. | JUDGE S. MAURICE HICKS |
| | MAGISTRATE JUDGE WHITEHURST |

**REPORT AND RECOMMENDATION**

Before the court is a *pro se* civil rights complaint (42 U.S.C. § 1983) filed *in forma pauperis* by plaintiff Terrance W. Anderson on October 26, 2015[1]. Plaintiff is an inmate at the St. Martin Parish Jail (SMPJ), St. Martinville, Louisiana, and complains of false arrest and imprisonment, several conditions of confinement and excessive force he has received at that institution. He names the following as defendants: Sheriff's Office St. Martin Parish, St. Martin Parish Jail, Staff of St. Martin Parish Jail, Ronald J. Theriot, Wilbert Stiles, Deputy Frederick, John Dauphine, Lacey Bourque, E.J. Melancon, Adelia Narcisse, Pam Romero and Lori Landry.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

**STATEMENT OF THE CASE**

On March 24, 2014, plaintiff was arrested by Defendant Deputy Frederick for Simple Battery, Possession with Intent to Distribute Schedule IV Narcotic (Xanax) and Simple Burglary [See Rec. Doc. 28-1, p. 7] and taken into custody of the St. Martin Parish Jail (SMJ) [See Rec. Doc 4, p. 3].

---

[1] This Court's previously issued Memorandum Orders [Rec. Docs. 25 & 27] inadvertently stated that the matter was initially filed on March 26, 2015.

On March 25, 2014, the Arrest Affidavit, prepared and signed by Defendant Detective John Dauphine, was approved by Judge Porter [See Rec. Doc 28-1, p. 8].

Between April 1, 2014 and April 2, 2014, five (5) additional charges of simple burglary were brought against the plaintiff [See Rec. Doc. 1, p. 5]. Subsequently, on or before March 24, 2015, an armed robbery charge was brought against the plaintiff [Rec. Doc. 28-1, p. 3].

Trial was scheduled in the matter *State of Louisiana v. Terrance Wayne Anderson*, Docket No. 14-246746, on March 24, 2015. On that date, before Defendant Judge Lori A. Landry, and in the presence of the Minute Clerks, Defendants Adelia Narcisse and Pam Romero, it appears the Court first took up an issue regarding Mr. Anderson's filing of a Motion for Release without Bond despite the fact that he was represented by court appointed counsel [Rec. Doc. 28-1, p. 5]. Defendant Assistant District Attorney Wilbert Stiles represented the State with respect to that matter. In addition, with respect to the trial scheduled on that date, Mr. Anderson's court-appointed counsel, Gary LeGros, moved the court to continue the trial; his motion was granted [Rec. Doc. 28-1, p. 9]. Assistant District Attorney Lynn Musumeche represented the State with respect to that matter. *Id.* At this time, after ordering that Mr. Anderson be taken out of the courtroom due to his behavior, the Court addressed the attachment against Mr. Anderson in a separate matter, Case Number 14-246700, involving the charge of simply battery [Rec. Doc. 28-1, pp.6 & 9]. The attachment was recalled due to Mr. Anderson being in custody at the time it was issued.[2]

Plaintiff asserts that he was falsely arrested and that, because he has yet to be tried on any of the charges currently pending against him, his constitutional right to a speedy trial has been violated.

---

[2] On September 15, 2015, the simple battery charge was dismissed [Rec. Doc. 28-1, p. 4].

He also alleges that he has lost all of his personal possessions as a result of his arrest and imprisonment.

In addition, Plaintiff complains of the conditions of confinement, including the denial of his right to practice his religion, denial of right to exercise once a week and the sleeping conditions in the facility. He also alleges excessive force associated with an event in which officers utilized a Taser® gun.

Plaintiff's original complaint, filed on October 26, 2015, was deficient [Rec. Doc. 1]. Accordingly, he filed a Complaint on November 9, 2015, which complied with this Court's required forms [Rec. Doc. 4]. On February 12, 2016, he filed an Amended Complaint [Rec. Doc. 23]. On March 9, 2016, this Court ordered him to amend his complaint to provide more specific details regarding his claims [Rec. Doc. 25], pursuant to which he filed Amended Complaint dated March 28, 2016 [Rec. Doc. 26]. As plaintiff failed to provide necessary facts regarding his claims, the Court once again ordered him to amend [Rec. Doc. 27], prompting the filing of his final Amended Complaint on April 7, 2016 [Rec. Doc. 28].

Plaintiff prays for a per diem award of compensatory damages, a monetary award for pain and suffering and to "be put on the news."

## LAW AND ANALYSIS

**1.    Screening**

When a prisoner is allowed to litigate a civil rights complaint *in forma pauperis,* the district court should dismiss the case if at any time it determines that the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (stating that when

a prisoner seeks redress from a governmental entity or one of its employees, the court shall review the complaint as soon as practicable and dismiss it if the court finds the complaint frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief); 42 U.S.C.A. § 1997e(c) (providing that a district court shall on its own motion or the motion of any party dismiss a complaint by a prisoner regarding prison conditions if the court is satisfied the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant).

A claim is frivolous if it has no arguable basis in law or fact. *Nietzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir.1998) (quotation omitted). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir.1998).

While district courts are required to construe *in forma pauperis* complaints liberally, particularly in the context of dismissals under § 1915(e)(2)(B), they are, nonetheless, given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994). A complaint may not be dismissed under § 1915(d)(2)(B) "simply because the court finds the plaintiff's allegations unlikely." *Jolly v. Klein*, 923 F.Supp. 931, 942-43 (S.D.Tex.1996). Nevertheless, a civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). See *Wesson v. Ogleby*, 910 F.2d 278, 281 (5th

Cir.1990) ("An *IFP* complaint that recites bare legal conclusions, with no suggestion of supporting facts, or that postulates facts of an entirely fanciful nature, is a prime candidate for dismissal under [§ 1915(d)(2)(B) ]."). The district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Accepting all of plaintiff's allegations as true, and, giving plaintiff the benefit of every doubt, the court concludes, for the reasons stated hereinafter, that he has failed to state a claim for relief, that his claims are frivolous as a matter of law, and/or seek monetary relief from an immune defendant, and therefore, his complaint should therefore be dismissed with prejudice.

    **2.**    **Dismissal of Certain Named Defendants**

        *a.*    *Sheriff Ronald J. Theriot*

Plaintiff names St. Martin Parish Sheriff Ronald J. Theriot in his supervisory capacity. "Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations; or (ii) implement unconstitutional policies that causally result in plaintiff's injuries." *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir.1992), *cert. denied*, 508 U.S. 951, 113 S.Ct. 2443, 124 L.Ed.2d 660 (1993). "Vicarious liability does not apply to § 1983 claims." *Pierce v. Texas Dept. of Crim. Justice, Inst. Div.*, 37 F.3d 1146, 1150 (5th Cir.1994), *cert. denied*, 514 U.S. 1107, 115 S.Ct. 1957, 131 L.Ed.2d 849 (1995). "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir.), *cert. denied*, 464 U.S. 897, 104 S.Ct. 248, 78 L.Ed.2d 236 (1983).

Plaintiff has not alleged any specific facts to establish § 1983 liability on the part of the

Sheriff Theriot and, as such, plaintiff's claims against Ronald Theriot should be dismissed.

### b. Assistant District Attorney Wilbert Stiles

In his March 18, 2016 Amended Complaint, Plaintiff states that he "wishes to relieve Assistant District Attorney Wilbur (sic) Stiles as one who did not violate any Constitutional rights and indeed follow in correct C.Cr.P." [Rec. Doc. 26, p. 1.]

In addition, Plaintiff's claim for monetary damages against Assistant District Attorney Stiles is barred by the doctrine of absolute prosecutorial immunity. A district attorney and his assistants are absolutely immune in a civil rights suit for any action taken pursuant to their role as prosecutors in preparing for the initiation of judicial proceedings and in presenting the State's case. See *Kalina v. Fletcher*, 522 U.S. 118, 129, 118 S.Ct. 502, 139 L.Ed.2d 471 (1997); *Imbler v. Pachtman*, 424 U.S. 409, 430-31, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); *Esteves v. Brock*, 106 F.3d 674, 676 (5th Cir.1997). Accordingly, plaintiff's claims against Wilbur Stiles should be dismissed.

### c. Judge Lori Landry, Pam Romero and Adelia Narcisse

Plaintiff's claims against Judge Lori Landry arise out of the performance of her judicial duties. Judges have absolute immunity against for acts done within the scope of their jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). The Fifth Circuit has delineated three elements to identify acts as being judicial in nature, and thus not in the clear absence of all jurisdiction: "(1) normal judicial functions that (2) occurred in the judge's court or chambers and were (3) centered around a case pending before the judge." *Eitel v. Holland*, 787 F.2d 995, 998 (5th Cir.19+86). These factors are construed liberally in favor of immunity. *Adams v. McIlhany*, 764 F.2d 294, 297 (5th Cir.1985). As Plaintiff's claims arise out of the normal judicial functions performed by Judge Landry's handling of his case, she enjoys absolute immunity from plaintiff's

claims. Further, this immunity extends to the minute clerks, Pam Romero and Adelia Narcisse. *Johnson v. Foti*, 583 So.2d 1210, 1212 (La. App. 4 Cir. 1991). Therefore, claims against Judge Lori Landry, Pam Romero and Adelia Narcisse should be dismissed.

### d. *St. Martin Parish Sheriff's Department*

Plaintiff also sued the St. Martin Parish Sheriff's Department. "It is well settled ... that a Sheriff's Department is not a legal entity capable of being sued." *Valentine v. Bonneville Ins. Co.*, 691 So.2d 665, 668 (La.1997). Indeed, "the law of Louisiana affords no legal status to the 'Parish Sheriff's Department' so that the department can sue or be sued, such status being reserved for the Sheriff." *Id.* See also *George v. Wilson*, 2000 WL 521450 (E.D.La.4/28/00); *Manieri v. Layirrison*, 2001 WL 25657 (E.D.La.1/9/01); *Liberty Mut. Ins. Co. v. Grant Parish Sheriff's Dept.*, 350 So.2d 236 (La.App. 3 Cir.1977). Plaintiff's claims against the St. Martin Parish Sheriff's Department should be dismissed.

### e. *St. Martin Parish Jail*

Plaintiff has sued the St. Martin Parish Jail (SMPJ). Fed.R.Civ.P. Rule 17(b) provides that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Thus, Louisiana law governs whether the SMPJ has the capacity to be sued in this action. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as "... an entity to which the law attributes personality, such as a corporation or partnership." La. Civ.Code Ann. art. 24. It is well settled under Louisiana law that a parish prison is not a separate legal entity capable of being sued. *Alexander v. Blank,* 2010 WL 2803970 (M.D. La.). The SMPJ is not a juridical person and therefore, plaintiff's claims against the SMPJ must be dismissed.

### 3.     False Arrest

Plaintiff claims that he is a victim of a false arrest that occurred on March 24, 2014. The "statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace v. Kato*, 549 U.S. 3 84, 127 S.Ct. 1091, 1100, 166 L.Ed.2d 973 (2007). Plaintiff's false arrest and imprisonment claims accrued on that date when the State court determined that there was probable cause to arrest and prosecute the plaintiff on the simple burglary, simple battery and possession with intent to distribute charges. *Compare Villegas v. Galloway*, 458 Fed. Appx. 334, 338, 2012 WL 45417 (5th Cir.2012)(unpublished) ("... false imprisonment ends when the defendant is held pursuant to legal process, such as when he is arraigned or bound over by a magistrate. *Wallace v. Kato*, 549 U.S. 384, 389–90, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007).

Louisiana Code of Criminal Procedure Article 230.2(A) states:

> A law enforcement officer effecting the arrest of a person without a warrant shall promptly complete an affidavit of probable cause supporting the arrest of the person and submit it to a magistrate. Persons continued or remaining in custody pursuant to an arrest made without a warrant shall be entitled to a determination of probable cause within forty-eight hours of arrest. The probable cause determination shall be made by a magistrate and shall not be an adversary proceeding. The determination may be made without the presence of the defendant and may be made upon affidavits or other written evidence, which may be transmitted to the magistrate by means of facsimile transmission or other electronic means. A magistrate's determination of probable cause hereunder shall not act as a waiver of a person's right to a preliminary examination pursuant to Article 292.

On March 24, 2014, Defendant Detective John Dauphine, the law enforcement officer effecting the arrest of plaintiff, without a warrant, completed an affidavit of probable cause including

facts supporting the arrest. [Rec. Doc. 28-1, p.7.] It was submitted to Judge Porter, who approved same, making a determination of probable cause, on March 25, 2014, in compliance with the statute. [Rec. Doc. 28-1, p. 8.] Accordingly, any claim of false arrest or imprisonment arising out the arrest accrued on March 25, 2014, when a magistrate judge found probable cause to detain Anderson pending trial. [Rec. Doc. 28-1, pp. 7-8.]

The Fifth Circuit has approved application of Louisiana's one-year personal injury statute of limitations provided by La. Civ.Code Ann. art 3492 in a § 1983 action. *Lavellee v. Listi*, 611 F.2d 1129 (5th Cir.1980). Plaintiff had one year, or until March 24, 2015 at the latest, to file his civil rights complaint claiming false arrest/imprisonment in violation of his Fourth and Fourteenth Amendment rights. Plaintiff's complaint was filed on October 26, 2015, well beyond the expiration of the one year period of limitations and therefore any claims arising out of his arrest and subsequent imprisonment are barred by the statute of limitations and therefore, dismissed.[3] Accordingly, all claims against Deputy Lance Frederick and Detective John Dauphine are dismissed.

### 4. Conditions of Confinement

Plaintiff complains of various conditions of confinement. As noted above, he is a pre-trial detainee and not a convict. It has long been held that "... [t]he State's exercise of its power to hold detainees and prisoners ... brings with it a responsibility under the U.S. Constitution to tend to the essentials of their well-being: when the State by the affirmative exercise of its power so restrains an individual's liberty that it renders him unable to care for himself, and at the same time fails to provide for his basic human needs ... it transgresses the substantive limits on state action set by the Eighth Amendment and the Due Process Clause." *Hare v. City of Corinth, Miss.*, 74 F.3d 633,

---

[3] This includes any claim for loss of personal possessions due to arrest and/or imprisonment.

638-39 (5th Cir.1996) (*en banc*) (quoting *DeShaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 200, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989)).

Thus, a detainee's constitutional rights arise from "both the procedural and substantive due process guarantees of the Fourteenth Amendment." *Id.* at 639 (citing *Bell v. Wolfish*, 441 U.S. 520, 535, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979)). The Due Process Clause of the Fourteenth prohibits the punitive confinement of a pretrial detainee since, by definition, the guilt of a detainee has not yet been adjudicated. See *Bell*, 441 U.S. at 535. Since plaintiff has alleged that he is a pretrial detainee, and since his allegations have been accepted as true for the purposes of this Report, the issue herein is whether or not the complained of acts or omissions of the defendants amounted to a violation of plaintiff's due process rights under the Fourteenth Amendment.

Under Fifth Circuit jurisprudence, in order to determine the standard of analysis for constitutional challenges brought by pretrial detainees under § 1983, courts are directed to first classify the challenge as either an attack on a "condition of confinement" or as an "episodic act or omission." *Flores v. County of Hardeman, Tex.*, 124 F.3d 736, 738 (5th Cir.1997) (citing *Hare*, 74 F.3d at 644). In a detainee suit challenging conditions of confinement, the constitutional challenge is to the "general conditions, practices, rules, or restrictions of pretrial confinement." *Hare*, 74 F.3d at 644. On the other hand, an "episodic act or omission" case, complains of a particular act or omission of one or more officials, and it focuses on "whether [the] official breached his constitutional duty to tend to the basic human needs of persons in his charge." *Id.* at 645. A detainee who complains that an "episodic act or omission" resulted in an unconstitutional violation of a his Fourteenth Amendment rights is required to show that the official's action constituted "deliberate indifference." *Hare*, 74 F.3d at 647-48.

### a.) Denial of Right to Practice Religion

Plaintiff has alleged that he does not get "any opportunity to exercise [his] religion or get one hour a week for that purpose..." However, he provides no facts to support this conclusion, despite this Court ordering him to do so. [Rec. Docs. 25 & 27.] He merely states in his Amended Complaint filed March 18, 2016, that he wrote a request to practice his religion, which was approved by Defendant Cpt. Lacey Bourque, but "not fulfilled." [Rec. Doc. 26, pp. 1-2.] He also notes that he spoke to Warden E.J. Melancon about his suit. [Id. at p. 2.]

In analyzing such claims, the court is obliged to make an inquiry as to whether the actions taken by the defendants had more than a *de minimis* impact on the free exercise of rights of the detainee. Put another way, the Court must determine whether defendants' acts or policies placed a <u>substantial</u> burden on the detainee's right to freely exercise his religion, or merely imposed an inconvenience and thereby did not make it impossible for him to exercise his religion freely. *Omar v. Casterline*, 414 F. Supp.2d 582, 593 (W.D. La 2006); see also the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc *et seq*. at §2000cc-1(a) which provides in part, that "[n]o government shall impose a substantial burden on the religious exercise of a person ... confined to an institution ... even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person – (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. §2000cc - 1(a).

Thus, in order to state a claim under either the jurisprudence or pursuant to RLUIPA, the plaintiff must show that the challenged government action placed a substantial burden on the exercise of religion. While the statute does not define "substantial burden," the Fifth Circuit has

defined the phrase as follows in the context of the RLUIPA, "... a government action or regulation creates a 'substantial burden' on a religious exercise <u>if it truly pressures the adherent to significantly modify his religious behavior and significantly violate his religious beliefs</u>." *Adkins v. Kaspar*, 393 F.3d 559, 569-70 (5th Cir.2004). Whether the government action or regulation imposes a substantial burden on an adherent's exercise requires a case-by-case, fact-specific inquiry. *Id.* None of the acts described above created a substantial burden because none forced plaintiff to significantly modify his religious behavior.

Plaintiff has not demonstrated in either his original complaint or his amended complaints that he is prohibited from practicing his chosen religion by the regulations or practices at the SMPJ. Plaintiff has not shown that he is prohibited from maintaining his beliefs and performing the prescribed rituals on his own and therefore, his claims are frivolous and should be dismissed, which includes all claims against Lacey Bourque and E.J. Melancon.

### b.) Outdoor Recreation

Plaintiff has also set forth that he is not allowed to get one-hour of outdoor recreation per day to "breath (sic) fresh air and prevent any air born (sic) viruses." [Rec. Doc. 22.] Contrary to plaintiff's assertion, neither the Supreme Court nor the Fifth Circuit Court of Appeals has ever specifically held that inmates enjoy an <u>absolute right</u> of out-of-cell recreation or exercise. *Green v. Ferrell*, 801 F.2d 765, 771-72 (5th Cir.1986) (The Fifth Circuit set aside lower court's judgment requiring county jail to provide either outdoor exercise or an indoor exercise facility.); *Ruiz v. Estelle*, 679 F.2d 1115, 1152 (5th Cir.1982), *cert. denied*, 460 U.S. 1042, 103 S.Ct. 1438, 75 L.Ed.2d 795 (1983) (The deprivation of exercise is not *per se* violative of the Eighth Amendment.)

The Fifth Circuit has always and only held that an <u>extended deprivation of exercise opportunities</u> might impinge upon an inmate's Eighth Amendment rights depending upon the particular facts of a given case. *Green*, 801 F.2d at 771-72; *Ruiz*, 679 F.2d at 1152 (Factors, such as cell size, the amount of time the inmate spends in his cell each day, and the overall duration of confinement together with the inmate's physical and other needs must be considered in determining whether an inmate is denied the opportunity for regular physical exercise); *Montana v. Commissioners Court*, 659 F.2d 19, 22 (5th Cir. Unit A 1981); *McGruder v. Phelps*, 608 F.2d 1023, 1025 (5th Cir.1979) ("[C]onfinement to a cell for twenty-three and one-half hours per day for periods of months and absence of outdoor exercise ... <u>may</u> make out an eighth amendment violation."). The United States Supreme Court as well as the courts of other circuits, have included exercise as one of the "basic human needs" protected by the Eighth Amendment. See, e.g., *Wilson v. Seiter*, 501 U.S. 294, 298, 111 S.Ct. 2321, 2327, 115 L.Ed.2d 271 (1991) ("Some conditions of confinement may establish an Eighth Amendment violation 'in combination' when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise – for example, a low cell temperature at night combined with a failure to issue blankets."; *Williams v. Greifinger*, 97 F.3d 699, 704 (2nd Cir.1996) ("... some opportunity for exercise must be afforded to prisoners."); *Allen v. Sakai*, 48 F.3d 1082, 1088 (9th Cir.1994) (a long-term deprivation of exercise is a denial of a basic human need in violation of the Eighth Amendment). The Fifth Circuit itself has acknowledged that "[i]nmates require regular exercise to maintain reasonably good physical and psychological health." *Ruiz v. Estelle*, 679 F.2d 1115, 1152 (5th Cir.1982) (citing *Campbell v. Cauthron*, 623 F.2d 503, 506-07 (8th Cir.1980); *Spain v. Procunier*, 600 F.2d 189, 199 (9th Cir.1979)).

In other words, under the Eighth Amendment, prison officials must, at a minimum provide an adequate <u>opportunity for exercise</u> – whether indoors or out.  Here, plaintiff has not alleged the total deprivation of <u>exercise opportunities</u> – but rather only the vague assertion of the denial of *outdoor* exercise opportunities, mentioned only in his February 12, 2016 complaint, which was not supplemented with any additional information in his subsequent two (2) amended complaints.  Accordingly, Plaintiff's allegation is insufficient to establish an constitutional violation, this claim must be dismissed as frivolous.

### *c.) Sleeping Conditions*

Plaintiff's February 12, 2016 Amended Complaint makes the allegations that the facility is "very unorganized and has many hazards, such as people sleeping on the floor directly without a boat or spread to lay there (sic) mattress on." [Rec. Doc. 22.]

Despite this Court ordering Plaintiff to set forth the name of the person who violated plaintiff's rights, the place and date(s) each event occurred, plaintiff did not address this claim in any subsequent motion.  Moreover, plaintiff has not alleged any facts to support a claim that his constitutional rights were violated, i.e., that HE was forced to sleep on the floor or that this lack of bedding was due to the deliberate indifference on the part of any defendant.  Courts have repeatedly held "that the Constitution does not mandate prisons with comfortable surroundings or commodious conditions."  *Talib v. Gilley*, 138 F.3d 211, 215 (5th Cir. 1998) (*citing Rhodes v. Chapman*, 452 U.S. 337, 349 (1998)).  Although the conditions he described may be unpleasant, he has failed to allege either deprivations so extreme that they violate the Constitution and, as such, this claim should be dismissed.

     **5.**     **Excessive Force**

Plaintiff further alleges excessive force on the part of an "untrained" deputy/ 'staff' who utilized a Taser® gun on him and pulled the probes out of his skin without any medical staff being present. [Rec. Doc. 22.] Anderson was a pretrial detainee at the of the incident. Regardless whether an inmate is a pretrial detainee or a convicted prisoner, however, the standard of liability is the same for episodic acts or omissions of jail officials of the type alleged in this case. *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 526 (5th Cir. 1999); *Hamilton v. Lyons*, 74 F.3d 99, 104 n. 3 (5th Cir. 1996); *Hare v. City of Corinth*, 74 F.3d 633, 650 (5th Cir. 1996). In *Hare*, the Fifth Circuit held

> (1) that the State owes the same duty under the Due Process Clause and the Eighth Amendment to provide both pretrial detainees and convicted inmates with basic human needs, including medical care and protection from harm, during their confinement; and (2) that a state jail official's liability for episodic acts or omissions cannot attach unless the official had subjective knowledge of a substantial risk of serious harm to a pretrial detainee but responded with deliberate indifference to that risk.

*Id.*

The Fifth Circuit has held "... to support an Eighth Amendment excessive force claim a prisoner must have suffered from the excessive force a more than *de minimis* physical injury, but there is no categorical requirement the physical injury be significant, serious, or more than minor." *Gomez v. Chandler*, 163 F.3d 921, 924 (5th Cir.1999).

Despite being ordered to provide the name(s) of each person who used excessive force against him, the place and date the event occurred and a description of the injury, plaintiff failed to provide any additional information. However, he has admitted "that he does not have any physical injuries in which the defendant is at fault..." [Rec. Doc. 27, p. 1.] Plaintiff noted that he is still

"awaiting an order from the court to release all documents" pertaining to his excessive force claim [Id.]. However, the undersigned noted in the Memorandum Order dated March 29, 2016, while documentation related to his claims would prove helpful, it was not required; however, pertinent detailed information was requested to move forward on his claims. [Rec. Doc. 27.] As plaintiff failed to provide any specific facts regarding his allegations of excessive force, and as he **admitted** that **he did not suffer any physical injuries**, plaintiffs claims of excessive force are frivolous and should be dismissed, which includes all claims against "Staff of St. Martin Parish."

Accordingly.

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITHOUT PREJUDICE,** for the reasons stated herein.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*,** 79 F.3d 1415 (5th Cir. 1996).

In Chambers at Lafayette, Louisiana, May 19, 2016.

_____
**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**