**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| TERRANCE W. ANDERSON | CIVIL ACTION NO. 15-2588-P |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| ST. MARTIN PARISH, ET AL. | MAGISTRATE JUDGE WHITEHURST |

**MEMORANDUM RULING**

Before the Court is Magistrate Judge Whitehurst's Report and Recommendation in the above-captioned matter. See Record Document 30. The Report and Recommendation recommends dismissal of all of Plaintiff Terrance W. Anderson's ("Anderson") claims in the instant 42 U.S.C. § 1983 action. See id. Anderson is an inmate at the St. Martin Parish Jail, and in his four separate complaints he complains of: (1) false arrest and imprisonment; (2) denial of his right to practice his religion while in prison; (3) deprivation of the ability to exercise outside; (4) inhumane sleeping conditions; and (5) the use of excessive force in restraining him in an altercation with a jail guard. See id.; see also Record Documents 1, 4, 23, 28.

The Court agrees with the Magistrate's recommendation that all of Anderson's claims should be dismissed. However, the Report and Recommendation contains conflicting statements as to whether the dismissal should be a dismissal with prejudice or a dismissal without prejudice.[1] See Record Document 30 at 5, 16.

---

[1] Under Federal Rule of Civil Procedure 41(b), a dismissal is by default an adjudication on the merits, and therefore a dismissal with prejudice, unless otherwise specified. See Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 505 (2001). The Court simply seeks to clarify that the dismissal is a dismissal with prejudice in the instant Memorandum Ruling.

The dismissal in the instant action should be a dismissal with prejudice as to all claims. Anderson's claim against Sheriff Ronald J. Theriot should be dismissed with prejudice because Anderson failed to state a <u>Monell</u> supervisory liability claim against him. <u>See id.</u> at 5. The claims against Assistant District Attorney Wilbert Stiles, Judge Lori Landry, and judicial employees Pam Romero and Adelia Narcisse should be dismissed with prejudice because they are protected by absolute immunity. <u>See id.</u> at 6. The claims against the St. Martin Parish Sheriff's Office and the St. Martin Parish Jail should be dismissed with prejudice because a Sheriff's Department and a parish jail are not legal entities capable of being sued. <u>See id.</u> at 7. The false arrest claim should be dismissed with prejudice because the claim is prescribed. <u>See id.</u> at 8-9. All three of the complaints related to the conditions of Anderson's confinement (restraints on the practice of religion, deprivation of the ability to exercise outside, and inhumane sleeping conditions) should be dismissed with prejudice because Anderson's factual allegations on these matters fail to state constitutional claims. <u>See id.</u> at 9-14. Finally, the excessive force claim should be dismissed with prejudice because Anderson's factual allegations on this matter fail to state a constitutional claim, and because Anderson admits that he suffered no injury from the incident in question. <u>See id.</u> at 15.

Therefore,

**IT IS ORDERED** that Plaintiff's 42 U.S.C. § 1983 Amended Complaint (Record Document 28) is **dismissed with prejudice** for failure to state a claim upon which relief can be granted, asserting claims that are frivolous and/or prescribed as a matter of law, and seeking monetary relief from immune defendants.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, on this the 29th day of November, 2016.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE